**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **Curtis M. Parks,** | § | |
| **Plaintiff** | § | |
| | § | Civil Action No. 7:09-CV-075 |
| v. | § | |
| | § | |
| **County of Los Angeles,** | § | |
| **County of Ventura, et al** | § | |

Memorandum and Recommendation

This *pro se* case comes before the undersigned by reason of the District Court's Referral (Docket No.6 ) of Plaintiff's Motion for the Appointment of Counsel (Docket No. 5). Having paid the filing fee, the Plaintiff seeks appointment of counsel alleging his inability to pay costs and fees though earning $3,200.00 gross per month from his current employment. There is no statutory mandate to appoint an attorney for a *pro se* litigant in a civil case. Such an appointment in a civil rights case is discretionary with the court. *Ulmer v. Chancellor*, 691 F. 2d 209 (5th Cir. 1982). There is no statutory fund provided for the payment of appointed counsel. Consideration of the potential merit of the plaintiff's claims is one of the factors for the court to consider in determining whether to exercise such discretion in favor of the appointment. *Cooper v. Sheriff, Lubbock County*, 292 F. 2d 1078,1084 (5th Cir. 1991).

*Sua Sponte* Review

The district court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus*., 941 F. 2d 374, 379 (5th Cir. 1991). In making a Rule 12 (b) (6) determination, the Court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985).

Plaintiff's Complaint

The gravamen of Plaintiff's Complaint is that Los Angeles and Ventura Counties in California are lateraling back and forth like a football his attempts to file a challenge to a 1984 domestic relations default judgment in Ventura County ordering him to pay child support for a child he disputes is his and for whom he has amassed over $75,000.00 in unpaid child support which Los Angeles County is collecting bit by bit through a wage attachment or garnishment order. He claims the default judgment in the divorce suit initiated in a court in Ventura County in1984 should be overturned or set aside because he was not accorded the rights under the Soldiers and Sailors Relief Act, because he never received notice of the proceeding, nor was he served with process therein. He claims that he is not being allowed to initiate the attack in the courts of those counties because the court officials in Los Angeles County have told him he must seek relief in the appropriate court in Ventura County, the original county of suit, but the court officials in Ventura County tell him that they cannot accept his pleading for relief until Los Angeles County transfers jurisdiction back to Ventura County.[1]

---

[1] This resembles the classic "Catch-22" situation which is the premise for the book of that title by Joseph Heller (1961).

Apparent Jurisdiction

This Court has apparent federal question jurisdiction of Plaintiff's Complaint since it is cast in the nature of a civil rights case under Title 42 U.S.C. §1983 for denial of his rights under the Soldier's and Sailor's Relief Act (Title 50 U. S. C. § 520 et seq.)("SSRA"). Although not expressly alleged, diversity jurisdiction may lie in this court as well since Plaintiff, a Texas resident, has named as the defendants, persons and entities located in California and the amount in controversy is in excess of $75,000.00.[2]

Parties

To solve the dilemma set out in his Complaint, in 2002 Parks filed suit in the Federal District Court in the Southern District of Georgia styled *Curtis M. Parks v. State of California, Los Angeles District Attorney, Ventura County District Attorney, California Courts*, Case No. CV402-235. In that suit, Parks had named the state of California and several of its District Attorneys as the defendants. That case was dismissed as frivolous because it lacked an arguable basis in law or fact since a state and its agencies have sovereign immunity from suit by an individual under the Eleventh Amendment. Now, to avoid a similar result in this court, Plaintiff has named as the defendants, the Counties of Los Angeles and Ventura, together with five individuals in their official capacities as heads or chiefs of their Departments in those counties.[3]

Following the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U. S. 658 (1978), municipal entities and their officials are "persons" subject to suit for injunctive and declaratory relief and compensatory damages under 42 U.S.C. §1983. It has been held that counties are "persons" subject to suit under § 1983: "Because cities are "persons" and because counties are much like cities, then logically counties are "persons."[4] Therefore, the Counties of Los Angeles and Ventura are properly named as parties to this suit. After its *Monell* decision, the Supreme Court later held in *Brandon v. Holt*[5], that a suit against a municipal official in his official capacity is tantamount to a suit against the municipality entity itself. Because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity,"[6] it is irrelevant whether the § 1983 plaintiff brings suit against an appropriate municipal official in his official capacity or against the municipal entity itself.

---

[2] Plaintiffs filing contains an April 1, 2009 monthly billing statement from the Child Support Division of the California Department of Human Services for accrued child support totaling $76,777.69 ($34,614.77 principal and $42,162.92 accrued interest).

[3] The named individual defendants and their capacities are alleged as follows:
a. William T. Fugioka, Chief Executive Officer of Los Angeles County;
b. Lori A. Cruz, Chief Attorney for the Child Support Services Department of Los Angeles county
c. Marty Robinson, Chief Executive Officer of Ventura County
d. Sarah Waters, Administrative Manager of the Family Law Court, Administrative Division of the Ventura County Courts
e. JoAnn Johnson, Family Law Facilitator, Ventura County Self Help Center

[4] *Smallwood v. Jefferson County*, 753 F. Supp. 657, 659 (W.D. Ky. 1991).

[5] 469 U. S. 464 (1985).

[6] *Kentucky v. Graham*, 473 U. S. 159 (1985).

## Cognizable Claim

Under Federal Rule of Civil Procedure 12 (b) (6), this court may determine at the outset whether the Plaintiff has stated a cognizable claim against any of the defendants and whether the defendants are immune from suit or liability. Plaintiff claims that the default judgment upon which the enforcement activities by Los Angeles County is based was defective for three alleged reasons:

1. it was procured by fraud by his ex-wife who lied as to the length of time she had resided in California prior to filing the divorce action; 2. that he never received timely notice of the proceeding or an appointed attorney as mandated by the Soldier's and Sailor's Relief Act; and 3. that he was never served with process.

Addressing the first of the claimed defects, it appears that Plaintiff is claiming that his ex-wife filed a false affidavit averring that she had resided the requisite length of time to comply with California's six month residency requirement as a condition to initiating a divorce petition. At the time of the original divorce proceeding, Section 128 of the Civil Code of California (the predecessor to the current California Family Code § 2320) provided for a six month residency period in the state and three month residency period in the county of suit as a condition to entry of a judgment of dissolution of marriage. This issue might have prevailed in the original case or on a direct appeal, but did not render the judgment void. Nor did such a violation, reprehensible as it may have been if it in fact occurred, affect the jurisdiction of the court to render the judgment or render the judgment susceptible to collateral attack.[7] A direct appeal of the state court judgment is not available in this Court. There is no Federal Constitutional or Federal statutory right to appeal a civil action in a state court. There being no cognizable Constitutional Federal right of direct appeal in a state court case, there is no cognizable Federal Constitutional right to bring a collateral attack on a state civil court judgment.

As to potential relief from the judgment under the Soldiers and Sailors Relief Act itself, the Act requires that, in any civil action or proceeding to which a person in active military service is a named party, the court must require the plaintiff to file an affidavit stating whether the defendant is in the military service, and if so, the court must appoint an attorney to represent the defendant in the military service in the proceeding. If the defendant receives notice of the proceeding, the defendant is generally entitled to a stay. Finally, subsection (g) of Section 521 provides a procedure whereby a defendant against whom a default judgment is entered during the defendant's period of active military service may reopen the judgment. But subpart (g) (2) provides that an application to reopen the judgment must be filed not later than 90 days after the date of the termination of or release from military service. Plaintiff admits in his Complaint that he "separated from active duty in January of 1987)" many years before he initiated any of the proceedings in the defendant counties. His statutory right to reopen the judgment under SSRA has been lost by the passage of time.

Federal court has no jurisdiction to enjoin the enforcement of a state court domestic relations case, on the grounds of violation of rights granted to a state case defendant under the SSRA since judgments entered in violation of the Act are voidable only, not void, and had to be attacked in the court where rendered. *Sarfaty v. Sarfaty*, 534 F. Supp. 701 (E. D. Pa. 1982). To the extent Plaintiff complains about the garnishment or attachment of his wages under the judgment, this Court does not have jurisdiction because the action is an impermissible collateral attack on a state court judgment. *Scheidegg v. Department of Air Force*, 715 F. Supp 11 (D. N. H.1989), aff'd 915 F2d 1558 (1st Cir. 1990).

---

[7] *Kelsey v. Miller*, 203 Cal. 61, 88, 263 P. 200 (Cal. Sup. 1928); *Hardy v. Superior Court of Solano County*, 185 Cal. App. 2d 21, 23 (3d Ct. App. 1960)

With respect to Plaintiff's allegations concerning the "fraud" committed by his ex-wife, he raises two separate issues. The first is that she committed fraud on the court with respect to the allegations in her pleadings in the original domestic relations case. The second is that she committed some type of welfare fraud on Ventura County, and later on Los Angeles County. As to the welfare fraud issue, even if the ex-wife's fraud impacted the two counties, the Plaintiff does not have standing to raise this issue in this Court. As to the false pleading issue, it might have availed the plaintiff in the original case or in a direct appeal thereof, but it does not support a collateral attack on the judgment in this Court.

This leaves as the only ground for Plaintiff's claims that this court should entertain his collateral attack on the state court judgment on Due Process grounds due to the alleged absence of service of process in the state court action. Plaintiff is not clear in his Complaint what specific relief he desires, but it appears that he desires that this Court enjoin or mandamus the courts of Los Angeles County and/or Ventura County to afford him a hearing of some kind. Such relief from a state court judgment is, in effect, and order mandating or enjoining a state court proceeding within the meaning of the Anti-Injunction Act.[8] Congress has denied this Court the jurisdiction to do so.

Accordingly, for all of his protestations about the conduct of the Counties of Los Angeles and Ventura or their officials, Plaintiff has not articulated any claim upon which relief could be granted in this Court. Therefore, I recommend that Plaintiff's Motion for Appointment of Counsel be denied. However, in accord with the Fifth Circuit's decisions in *Lozano v. Ocwen Federal Bank, FSB*, 489 F. 3d 363 (2007) and *Carroll v. Fort James Corp.*, 470 F. 3d 1171 (2006), I recommend that the Court enter an order allowing Plaintiff 30 days in which to amend his Complaint so as to sufficiently state a cause of action cognizable by this Court, and if he fails to articulate a cognizable claim, then the Court should dismiss Plaintiff's Complaint.

It is so ordered, this 11th day of June, 2009.

*Robert K. Roach*
**Robert K. Roach**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *28 U. S. C. § 2283.*

**<u>Notice to Plaintiff</u>**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.