### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | |
|---|---|
| **Curtis M. Parks,** § | |
| **Plaintiff** § | |
| § | Civil Action No. 7:09-CV-075-O |
| v. § | |
| § | |
| **County of Los Angeles,** § | |
| **County of Ventura, et al.** § | |

### Memorandum and Recommendation

Following the District Court's Order Accepting Findings and Recommendation of the United States Magistrate Judge (Docket No. 9), Plaintiff availed himself of the opportunity granted in that Order to timely file Amended Complaint (Docket No. 11). Although Plaintiff has expanded and expounded upon the allegations made in his original Complaint in attempting to color his legal positions and arguments, a thorough review of the Amended Complaint discloses that Plaintiff has recast his previously rejected grounds for relief but has also raised a new issue concerning an omitted notice and prays for monetary damages.

### Standard of Review

The district court is authorized to consider the sufficiency of the complaint under Federal Rule of Civil Procedure 12 (b) (6), on its own initiative. *Guthrie v. Tifco Indus.*, 941 F. 2d 374, 379 (5th Cir. 1991). In making a Rule 12 (b) (6) determination, the court must "accept all well pleaded averments as true and view them in the light most favorable to the plaintiff." *Rankin v. City of Wichita Falls*, 762 F. 2d 444, 446 (5th Cir. 1985). *Pro Se* complaints are subject to less stringent pleading standards than formal pleadings drafted by lawyers and should be liberally construed in a *pro se* plaintiff's favor. *Erickson v. Pardus*, 551 U. S. 89, 127 S. Ct. 2197, 167 L. Ed 2d 1081 (2007); *Hughes v. Rowe*, 449 U. S. 5, 9 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).

### Review of Plaintiff's Amended Complaint

Bearing in mind and applying the foregoing standard for review, I find as follows:

The first two paragraphs of Plaintiff's Amended Complaint are non-substantive procedural recitations.

In paragraph 3 of his Amended Complaint, Parks characterizes his complaints as violations of the Fifth and Fourteenth Amendments to the Constitution, asserting that he was deprived of "property" without due process. He further makes a complaint of "cruel and unusual punishment," an apparent reference to the second clause of the Eighth Amendment. But since Plaintiff acknowledges that "no crime had ever been committed by the plaintiff" and does not claim that either he or any other person was a prisoner or detainee or that he or any other person had been arrested, detained, jailed or otherwise deprived of their freedom of movement, the Eighth Amendment claim must fail on its face. Considering the allegations in the balance of

Plaintiff's Amended Complaint, I conclude that the essence of Plaintiff's "due process" claims are more properly characterized as claims of deprivations of his "liberty interests" rather than "property or property interests."

In paragraph 4 of his Amended Complaint, Parks invites the court to consider his Complaint as a "class action" by claiming that the conduct of the County of Los Angeles Child Support Services (hereafter referred for simplicity as "Support Services) was "not an isolated incident" but other persons were "subjected to the same malicious and unlawful treatment by the said Support Services. He later prays for monetary damages for others who were treated equally badly by the Support Services. Page 4, final paragraph.  He invites the court to add or omit other persons to his case "as the Court sees fit." See Paragraph 9.

In paragraphs 5 -7, Parks negates the application of his class action allegations to the conduct of Ventura County and questions the inclusion or omission of "a former Judge or former District Attorney" of Ventura County and his former attorney as named defendants.

In his paragraph 8, Parks impliedly references his alleged legal malpractice claim against his former retained attorney set out in his original Complaint but questions whether he should continue to pursue his claim or not.

In paragraph 10, Parks poses his own question of whether his Amended Complaint does present a claim cognizable by this Court.

Beginning on the third page of the Amended Complaint, in the Section Labeled "Specific Complaint, County of Los Angeles Child Support Services, Parks alleges his claims directed toward that defendant.

 The mistreatment by Support Services of which Parks complains is set out in pages 3-6 wherein he alleges that Support Services:
1. Denied him his right to see his child
2. Denied him his right to have a paternity hearing
3. Denied him his right to seek a modification of his child support obligation
4. Denied him his right to seek custody of his child
5 Denied him his right to sue for his ex-wife's fraud in getting the default judgment and for concealing his child. (Fourth Paragraph, page 4)

Parks claims that all of the denials of these rights was caused by or resulted from the failure or refusal of Support Services prior to 2004 to furnish to him as the non-custodial parent a <u>required</u> notice that his ex-wife as the custodial parent had sought and obtained financial aid from 1994-1999.  He appears to claim that the failure of Support Services to give that notice or make other contact with him to the same purport was a violation of California Family Code Section 17400 (a).  He implies that Los Angeles County was complicit  in this failure so that it could reap the financial benefits derived from its enforcement of his child support payment obligation ordered in divorce judgments thereby recouping a portion of the welfare payments paid by the County to his ex-wife.  He further claims that Support Services and its "accessory," Los Angeles County, were "actively participating in the concealment" of his child by "willfully" withholding the giving of the requisite notice.

For these failures, Parks now seeks monetary compensation "in a minimum sum of $100,000.00" per year for each of the years 1994-2002, the years he alleges they willfully "concealed his child." He additionally prays for a monetary award of Two and One Half Million Dollars against Support Services for himself (and others similarly situated) for the "fraud, unlawful enforcement of support obligations without due process, denial of fair hearing and malicious harm."

He alludes to a possible bias of Support Services toward him or conflict of interest by Ms. Catherine Carver of Support services but it appears he has merely picked up the language mandated in Section 17406 (f) (1) ( C) of the California Family Code to be used in notices of enforcement proceedings sent to both the obligee and the obligor of a child support order. Subsection (f) (3) expressly provides that the failure to provide that notice does not affect the validity of any child support order.

On page 5 of the Amended Complaint, Parks reasserts the claims made in his original Complaint that Ventura County and Los Angeles County have denied him a hearing to challenge the child support order from the original divorce action that was conducted in Ventura County. Even though Los Angeles County had returned to Ventura County the "Court files, he claims he could still not get a hearing of the matter in Ventura County due to some unspecified jurisdictional defect.  And Parks further complains that Los Angeles County did not have authority from Ventura County to attach his wages as part of a child support order (either the original support order from his divorce hearing or a subsequent support order brought in Los Angeles County under §17400 et seq. of the California Family Code.

With respect to County of Ventura, in paragraph 5 of his Amended Complaint, Parks negates any involvement of this defendant with his class action allegations. But in the <u>Specific Complaint, County of Ventura</u> portion of his Amended Complaint (pages 6-8) he reasserts by reference the claims from his original Complaint and now additionally prays for a monetary award of Two and One Half Million Dollars for himself and for others similarly situated.

<u>Cause of Action Analysis</u>

As indicated above, Plaintiff who was not and is not a prisoner or detainee has wholly failed to allege an Eighth Amendment violation.

As to the Fifth and Fourteenth Amendment due process violations, the only property or property interest which Plaintiff alleges was taken from him without due process was his child support payments he paid as a result of the enforcement efforts of Los Angeles County in enforcing the Ventura County divorce judgment. As noted in my prior Findings and Recommendation (Docket No. 5), this is an impermissible attack on a state court judgment which is not cognizable in this Court absent any Constitutionally recognizable infirmity in the state court judgment or process.  Apart from his prior casual reference that he was not served in the divorce case, Parks has not repeated or supported or reinforced this allegation in the Amended Complaint.

The only liberty interest Plaintiff has alleged directly or by implication in the Amended Complaint is his claim of a right to timely know that he had fathered a child, his child, for whom

3

he had been forced to support through his child support payments. Section 17400 (a) of the California Family Code cited by Plaintiff in support of his assertion that Support Services was obligated to give him some sort of notice regarding his child reads as follows:

> **§ 17400. Obligation of county to maintain local child support agency; Actions brought by agency; Summons, complaint, and answer forms; Outreach program; Order for temporary support; "Enforcing obligations"; Intervention by agency**
>
> > **(a)** Each county shall maintain a local child support agency, as specified in Section 17304, that shall have the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations, including medical support, enforcing spousal support orders established by a court of competent jurisdiction, and determining paternity in the case of a child born out of wedlock. The local child support agency shall take appropriate action, including criminal action in cooperation with the district attorneys, to establish, modify, and enforce child support and, if appropriate, enforce spousal support orders if the child is receiving public assistance, including Medi-Cal, and, if requested, shall take the same actions on behalf of a child who is not receiving public assistance, including Medi-Cal.

This section does not mandate the giving of any form of notice or communication to the non-custodial parent. Section 17406 of the California Family Code which follows the cited Section 17400 does mandate the giving of certain notices, the first of which is a notice to the parent *receiving* support services such as welfare. The second notice prescribed by subsection (h) of Section 17406 is a notice to the non-custodial parent in the nature of a disclaimer to the effect that neither the Attorney General nor the local support service initiating a paternity or support action is "the attorney representing any individual, including...the custodial parent, the child, or the non-custodial parent. Neither of these sections nor those that immediately follow in the California Family Code, mandate the giving of a notice to a non-custodial parent that the former spouse has sought public assistance (welfare payments). I find no other statutory imperative that the Attorney General or the State or any of the Counties or their agencies disclose to the non-custodial parent the location of the child for whom child support payments are enforced. If and to the extent that such obligation could be implied, the failure of Support Services or of Los Angeles County, the defendants in this case, to give such notice does not rise to a Constitutional level so as to give this Court jurisdiction.

I conclude that Plaintiff has not alleged a violation of any Constitutional or other statutory right cognizable under 42 U.S.C. §1983. Accordingly, I find that Plaintiff Parks has not alleged a colorable claim over which this court has jurisdiction.

### Recommendations

I recommend that this Court decline Plaintiff's invitation to treat this case as a class action. Plaintiff's allegations are wholly insufficient to establish a class for which relief can or should be afforded.

I recommend that this court not accept Plaintiff's invitation to add any additional individual persons as additional parties as there is no pleading indicating that any individual named by Plaintiff acted in any way other than in their official capacities. For such conduct the respective counties are responsible and are named.

I recommend that this case be dismissed without prejudice under the authority of Federal Rule of Civil Procedure 12 (b) (6) as failing to state a cause of action on which relief may be granted..

Alternatively, to the extent, if at all, that Plaintiff has alleged within his original Complaint or Amended Complaint, alone or in combination, a deprivation of his liberty interest as a parent in the care, custody, and control of his child under *Troxel v. Granville*, 530 U. S. 57, 120 S. Ct. 2054, 147 L. Ed. 2d  49 (2000) and its antecedents, which I have concluded he has not, venue does not lie in this Court.  Under 28 U.S.C. §1391(a) venue lies in the Western Division of the Central District of California since all defendants, the Counties of Los Angeles and Ventura and their respective agencies, are deemed to reside there and the substantial part of the events or omissions giving rise to Plaintiff's claims occurred there and not in this District.  This Court may dismiss without prejudice so as to Plaintiff to file an appropriate action in the Western Division of the Central District of California , or under 28 U.S.C. §1404 may transfer this case to Western Division of the Central District of California where it might have been brought.

It is so **FOUND AND RECOMMENDED**, this 2nd day of September, 2009.


*[signature: Robert K. Roach]*

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE


**Standard Instruction to Litigants**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).